UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JAMES WHITE, et al., <br><br>    Plaintiffs, <br><br>    v. <br><br>UNITED STATES OF AMERICA, <br><br>    Defendant. | CASE NO. C05-1785JLR <br><br> ORDER |

## I. INTRODUCTION

This matter comes before the court on a motion for summary judgment from the United States of America ("the Government") (Dkt. # 20). Plaintiffs James and Alice White, a married couple, have not filed any papers in opposition to the motion nor have they requested oral argument. For the reasons stated below, the court GRANTS the Government's motion.

## II. BACKGROUND

On October 24, 2005, the Whites filed suit against the Government, alleging that employees of the Veterans Administration Hospital committed medical malpractice. In particular, the Whites allege that a physician's negligent care caused Mr. White to suffer

ORDER – 1

a post-operative infection, leading to the loss of vision in his left eye.  Compl. ¶¶ 4.1-4.3, 5.1.  Ms. White brings a claim for loss of consortium.  Id. at ¶ 5.2.

During the discovery phase of litigation, the Whites' attorney become very ill, and eventually passed away in October 2006.  The court stayed the matter until late February 2007 in order to allow the Whites time to obtain new counsel (Dkt. # 18).  Since the court lifted the stay, no attorney has filed a notice of appearance on the Whites' behalf.  In addition to staying the matter, the court also amended the scheduling order, which included a revised date of March 15, 2007 for disclosing expert witness testimony and a dispositive motions deadline of June 13, 2007  (Dkt. # 19).  The Government now moves for summary judgment based on the Whites' failure to obtain expert medical testimony.

### III.  DISCUSSION

Summary judgment is appropriate if the evidence, when viewed in the light most favorable to the non-moving party, demonstrates there is no genuine issue of material fact.  Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Galen v. County of Los Angeles, 477 F.3d 652, 658 (9th Cir. 2007).  The moving party bears the initial burden of showing there is no material factual dispute and he or she is entitled to prevail as a matter of law.  Celotex, 477 U.S. at 323.  The moving party can satisfy this burden in two ways: (1) by producing evidence that negates an essential element of the non-moving party's case, or (2) after suitable discovery, by showing that the non-moving party does not have enough evidence of an essential element to carry its burden of persuasion at trial.  Id. at 322-23; see also Nissan Fire & Marine Ins. Co., Ltd., v. Fritz Cos., Inc., 210 F.3d 1099, 1106 (9th Cir. 2000).  If the moving party meets its burden, the opposing party must present evidence to support its claim or defense.  Cline v. Indust. Maint. Eng'g. & Contracting Co., 200 F.3d 1223, 1229 (9th Cir. 2000).  For purely legal questions, summary judgment is appropriate without deference to the non-moving party.

ORDER – 2

When the non-moving party fails to oppose a summary judgment motion, the court must still apply the above standards consistent with Fed. R. Civ. P. 56. <u>Henry v. Gill Indus., Inc.</u>, 983 F.2d 943, 949-50 (9th Cir. 1993) (holding that court may not grant summary judgment merely because motion is unopposed, even where local rules are to the contrary).

In order to prevail on a medical malpractice claim in Washington, the plaintiff must prove, *inter alia*, that the health care provider "failed to exercise that degree of care, skill, and learning expected of a reasonably prudent health care provider at that time . . . acting in the same or similar circumstances." RCW § 7.70.040(1).[1] Washington courts require expert testimony on the issue of standard of care because it is not ordinarily observable from the standpoint of a layperson. <u>See</u> <u>Harris v. Groth</u>, 663 P.2d 113, 119 (Wash. 1983). Rare exceptions to this rule exit where a layperson is capable of balancing the costs and benefits of conducting a particular procedure, <u>id.</u> at 119 n.6, or the negligence is observable to a person without medical training, for example, where the health care provider amputates the wrong limb, <u>Young v. Key Pharm., Inc.</u>, 770 P.2d 192, 189-90 (Wash. 1989).

Here, the Government has retained an expert who will testify that the treatment provided in conjunction with Mr. White's eye operation conformed to the applicable standard of care. <u>See</u> Gugin Decl. at 10. The Whites have not provided any evidence to the contrary, and nothing in their Complaint indicates that an exception to the rule requiring expert testimony applies in this case. <u>See</u> <u>Young</u>, 770 P.2d at 189 ("[T]he cases uniformly hold that a physician's testimony is necessary in [medical malpractice] cases to defeat a defendant's motion for summary judgment."). Because the Whites have failed to

---

[1] Although the Whites bring their tort claim against the Government pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671, *et seq.*, the court applies the substantive law of Washington in evaluating their claim. <u>See</u> 28 U.S.C. § 1346(b).

ORDER – 3

come forth with any competent medical testimony to create a genuine issue of material fact on the issue of standard of care, the court grants the Government's motion for summary judgment on Mr. White's medical malpractice claim. See Celotex, 477 U.S. at 322 ("[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.").

Lastly, Defendants contend that Ms. White's loss of consortium claim must fail because it is derivative of the malpractice claim. Although the court disagrees that a loss of consortium claim is "derivative" of any other cause of action, an element of Ms. White's consortium cause of action is a tort committed against Mr. White. See Reichelt v. Johns-Manville Corp., 733 P.2d 530, 538 (Wash. 1987). Because the court concludes that there is no genuine issue of material fact with respect to the malpractice claim, Ms. White's consortium claim necessarily fails.

## IV.  CONCLUSION

For the reasons stated above, the court GRANTS the Government's motion for summary judgment (Dkt. # 20) and directs the clerk to enter judgment consistent with this order.

Dated this 27th day of July, 2007.

JAMES L. ROBART
United States District Judge

ORDER – 4